```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

NORTHPORT HEALTH SERVICES OF
ARKANSAS, LLC d/b/a Fayetteville
Health and Rehabilitation Center,
et al.                                                      PLAINTIFFS

    v.                    No. 07-5184

DEBBIE RUTHERFORD, as Power of
Attorney for Isaac Mitchell
Rutherford, an Incapacitated
Person                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this action seeking to enjoin a state-court action instituted against them by the defendant and to compel arbitration of the claims presented in the state-court action. Currently before the Court is the defendant's **Motion to Dismiss (Doc. 4)** and the plaintiff's **Motion for Expedited Consideration of the Complaint to Compel Arbitration (Doc. 11)**. For the reasons reflected herein, both motions are **DENIED**. The Court finds and orders and follows with respect thereto:

### BACKGROUND

1. On June 8, 2007, defendant Debbie Rutherford instituted this action in state court on behalf of her father, Isaac Mitchell Rutherford, against Dion Kalio and Northport Health Services of Arkansas, LLC, Northport Health Services, Inc., and NHS Management (hereinafter "the Northport parties"). Rutherford alleged that on June 10, 2006, Kalio, an employee of the Fayetteville Health and

1

Rehabilitation Center, a facility owned and operated by the Northport parties, assaulted her father.

2. The Northport parties previously removed the state-court action to this Court on the basis of diversity jurisdiction. Thereafter, Rutherford moved to amend her complaint to add John Anderson, the Administrator of the Fayetteville Health and Rehabilitation Center, as a defendant. The Court granted Rutherford leave to add Anderson as a defendant and, as his presence in the suit destroyed complete diversity, the Court remanded the action to state court on October 19, 2007.

3. Just one week later, the Northport parties instituted the current action in this Court, seeking to enjoin the state-court action and compel arbitration of Rutherford's claims. Rutherford now moves to dismiss the arbitration complaint.

4. Rutherford points out that the Northport parties and Anderson are represented by the same counsel in the state-court action and have jointly raised the arbitration agreement at issue as an affirmative defense in that action. Rutherford argues that despite the Northport parties' and Anderson's joint defense in state court, the Northport parties have intentionally failed to include Anderson as a party to the current action in "an attempt to circumvent this Court's prior remand ... [and] create diversity where none existed." (Doc. 5 at pgs. 3-4.) Rutherford argues that Anderson is a necessary and indispensable party to the current

2

action and that the action should be dismissed because Anderson's joinder would destroy diversity jurisdiction.

5.   Rutherford alternatively argues that this Court should abstain from determining the enforceability of the arbitration agreement so that the issue may be resolved in state court.

6.   Lastly, Rutherford argues that if the Court declines to dismiss or abstain, it should permit Rutherford to conduct discovery prior to ruling on the enforceability of the arbitration agreement.

7.   The Northport parties move to expedite consideration of their complaint to compel arbitration.

The Court will address each of the above issues in turn.

## DISCUSSION

*Is Anderson a Necessary and Indispensable Party?*

8.   The Federal Arbitration Act (FAA), 9 U.S.C. § § 1 - 16, confers jurisdiction on federal courts over actions to compel arbitration only to the extent that the Court would otherwise have jurisdiction.  See 9 U.S.C. § 4; Dominium Austin Partners, LLC v. Emerson, 248 F.3d 720, 725 (8th Cir. 2001).  The asserted basis for subject matter jurisdiction in this case is diversity of citizenship, which requires complete diversity among the parties. Rutherford argues that Anderson is an indispensable party to this action and that his joinder would deprive the Court of diversity

3

jurisdiction, because both he and Rutherford are citizens of Arkansas.

    9. Under Rule 19 of the Federal Rules of Civil Procedure, the first step in determining whether a party is indispensable is to determine whether it is a necessary party. A party is necessary if:

    (A) in that person's absence, complete relief cannot be accorded among those already parties; or

    (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:

        (I) as a practical matter, impair or impede the person's ability to protect that interest; or

        (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

    10. Rutherford's claims against both Anderson and the Northport parties are based on the same occurrence – the alleged assault of Isaac Rutherford. Further, the arbitration agreement governs claims against the Northport parties and against Anderson as the administrator of one of the Northport facilities. Moreover, if this Court and the state court were to reach different

4

conclusions regarding whether the arbitration agreement is enforceable, Rutherford would be faced with inconsistent procedural remedies.  Accordingly, the Court concludes that Anderson is a necessary party to this action.  See Painewebber, Inc. v. Cohen, 276 F.3d 197, 201 (6th Cir. 2001), cert. denied, 537 U.S. 816 (2002)

    11.  If a person is a necessary party but cannot be joined because joinder would destroy diversity jurisdiction, the Court must determine whether that person is indispensable.  The factors to be considered in making this determination include:

    First:    the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

    Second:    the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures;

    Third:    whether a judgment rendered in the person's absence would be adequate; and

    Fourth:    whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

    12.  With regard to the first and third factors, Rutherford argues that "the parties will be prejudiced by any judgment rendered in the absence of John Anderson and, therefore, such a resolution would not be adequate."   (Doc. 5 at pg. 10.)

Specifically, Rutherford argues that adjudication of the arbitration issue in this Court without Anderson will not end the litigation and would be an inefficient means of settling the dispute, as the state court would then have to separately decide the arbitration issue with regard to Anderson and this could result in inconsistent interpretations of the arbitration agreement. With regard to the second factor, Rutherford argues that the Court cannot fashion a remedy that would avoid the prejudice of duplicative litigation. As to the fourth factor, Rutherford argues that the Northport parties would have an adequate remedy in state court if this action were dismissed, as the state court can compel arbitration of Rutherford's claims against all the defendants named in that action, not just the Northport parties.

13. While the Court was unable to locate any precedent from the Eighth Circuit Court of Appeals regarding the precise issues presented in this action, two of our sister circuits – the Fifth and Sixth Circuits – have held that a co-defendant in a state-court action is not an indispensable party to a federal diversity action initiated by other defendants seeking to compel arbitration of the state-court claims. See Brown v. Pacific Life Ins. Co., 462 F.3d 384, 393-94 (5th Cir. 2006); Cohen, 276 F.3d at 202-06.

In Brown, the Fifth Circuit, agreeing with the reasoning of the Sixth Circuit in Cohen, concluded:

> The threat of piecemeal, inconsistent litigation of
> claims and issues ... is insufficiently prejudicial to

>render a party indispensable under Rule 19 given the oft-stated preference for arbitration under the FAA.... Furthermore, the ... "fear that the federal and state courts will reach conflicting interpretations of the arbitration clause[] ... does not present the degree of prejudice necessary to support a conclusion that [an individual] is an indispensable party." Painewebber, Inc. v. Cohen, 276 F.3d 197, 203 (6th Cir. 2001).... Given the slight risk of prejudice, consideration of the extent to which any prejudice can be reduced or eliminated, Rule 19(b)'s second factor, is largely unnecessary. See Cohen, 276 F.3d at 205. As to the third factor under Rule 19(b), requiring arbitration of these claims in accordance with the arbitration agreement, while allowing a state court to pronounce upon the issue of arbitrability, does not render the potential judgment inadequate. Id. Finally, although the state court may be able to provide an adequate alternative remedy, such availability is insufficient reason for deciding that an FAA action should not proceed.

Brown, 462 F.3d at 394 (some internal citations omitted).

14. The Court agrees with the reasoning of the Fifth and Sixth Circuits and concludes that Anderson is not an indispensable party to the current action. Accordingly, dismissal of the action on this ground is not warranted.

*Is Abstention Appropriate?*

15. Federal Courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," even when there is a pending state court action involving the same subject matter. Colorado River Water Conserv. Distr. v. United States, 424 U.S. 800, 813-14, 817 (1976). "'Abdication of the obligation to decide cases can be justified under [the abstention] doctrine[s] only in the *exceptional circumstances* where the order to the parties to repair to the State court would clearly serve an important

countervailing interest.'" <u>Moses H. Cone Mem. Hosp. v. Mercury Constr.</u>, 460 U.S. 1, 14 (1983) (emphasis added) (internal citation omitted).

16. Determining whether exceptional circumstances exist requires consideration of the following relevant factors:

- First: whether maintaining separate actions may result in piecemeal litigation;
- Second: the relative progress made in the cases;
- Third: whether state or federal law controls; and
- Fourth: the adequacy of the state forum to protect the federal plaintiff's rights.

<u>See</u> <u>Mountain Pure, LLC v. Turner Holdings, LLC</u>, 439 F.3d 920, 926 (8th Cir. 2006), <u>citing</u> <u>Colorado River</u>, 424 U.S. 800; <u>Moses H. Cone</u>, 460 U.S. at 1. The balance of these factors should be weighted heavily in favor of deciding the case. <u>See</u> <u>Emerson</u>, 248 F.3d at 727.

17. The first factor weighs against abstention, as "the strong federal policy in favor of arbitration requires giving full effect to arbitration clauses, even where that might lead to piecemeal litigation." <u>Id.</u>; <u>see also</u> <u>Brown</u>, 462 F.3d at 395; <u>Cohen</u>, 276 F.3d at 207. The second factor does not weigh in favor of abstention, as it does not appear that the state court action has progressed any further than the current action. The third factor likewise weighs against abstention, because the FAA, not

8

state law, governs the interpretation of the arbitration agreement. See Cohen, 276 F.3d at 208. Finally, the fourth factor may weigh in favor of abstention, as the Northport parties can protect their rights in state court by requesting the state court to enforce the arbitration agreement. See id. However, this factor does not provide the "exceptional circumstances" necessary to justify abstention. Id.

The Court, therefore, concludes that the balance of the factors weighs against abstention and in favor of the exercise of federal jurisdiction.

*Should Rutherford be permitted to Conduct Discovery?*

18. Rutherford alternatively argues that should the federal action proceed, she should be permitted to conduct discovery regarding the enforceability of the arbitration agreement. Specifically, Rutherford seeks to conduct discovery regarding whether her father, who suffers from Alzheimer's, was competent when he executed the arbitration agreement, regarding discrepancies in his purported signature, and regarding whether her sister had the authority to sign the agreement on their father's behalf.

19. The Court will permit Rutherford to conduct limited discovery into these issues. Under the FAA, if the making of the arbitration agreement is in issue, the Court is required to conduct a trial on the factual issues in dispute and limited discovery regarding these issues is appropriate. See 9 U.S.C. § 4; Deputy v.

Lehman Bros., Inc., 345 F.3d 494, 509-11 (7th Cir. 2003); Dassero v. Edwards, 190 F. Supp. 2d 544, 554-57 (W.D. N.Y 2002).

20.  Accordingly, Rutherford shall have 60 days from the date of this order in which to conduct discovery into the issues identified above.

## CONCLUSION

21.  Based on the foregoing, the Court hereby orders as follows:

*   Rutherford's **Motion to Dismiss (Doc. 4)** is **DENIED**.

*   Rutherford shall have 60 days from the date of this order to conduct the specified discovery.

*   In light of the Court's conclusion that discovery is appropriate, the Northport parties' **Motion for Expedited Consideration (Doc. 11)** is **DENIED**.

22.  This case will proceed to a bench trial the week of September 8, 2008. In preparation for the trial, the parties are directed as follows:

*   The parties must submit proposed findings of fact and conclusions of law to the Court at jlhinfo@arwd.uscourts.gov and opposing counsel no later than fourteen (14) days before trial.

*   No later than twenty-one (21) days before trial, the parties must file a Pre-Trial Disclosure Sheet following the outline contained in Local Rule 26.2. Witnesses and exhibits not

disclosed in the Pre-Trial Disclosure Sheet may not be used at trial except in extraordinary circumstances.

    \*   The parties are directed to come to trial with all exhibits properly marked in numerical sequence, with notations as to which exhibits, if any, will be admitted by stipulation of the parties.  The form to be used may be found on the Court's website at www.arwd.uscourts.gov under the category "Online Forms".

    On request, a party shall make the original of any exhibit available to opposing counsel for inspection.

    IT IS SO ORDERED this 30th day of May 2008.

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**